UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

JEREMY and ASHLEY OSTROM,
both individually and as natural parents
of BRENLEY JADE OSTROM, deceased,

    Plaintiffs,

VS.                                          No. 1:08-CV-01066-JDB-egb
                                                     JURY DEMANDED

UNITED STATES OF AMERICA,
DR. JOHN DOE,
ROBERT E. WILKE, P.A.,
TEAM HEALTH, INC.,
EMERGENCY COVERAGE CORP., INC.,
and HARDIN COUNTY GENERAL HOSPITAL d/b/a
HARDIN MEDICAL CENTER,

    Defendants.

---

### REPORT AND RECOMMENDATION ON DEFENDANT EMERGENCY COVERAGE CORP., INC.'S MOTION TO STRIKE

---

      Before the Court is Defendant's Motion to Strike the prayer for joint and several liability from Plaintiffs' Amended Complaint (D.E. 21). Plaintiffs have not responded. This matter was referred to the Magistrate Judge.

      Federal Rule of Civil Procedure 12(f) allows the court to strike, either on motion of a party or on its own initiative, "any redundant, immaterial, impertinent or scandalous matter" in a pleading. Wright & Miller, Fed. Prac. & Proc. Civ. 3d §1382. Motions to strike are generally disfavored, and the resolution of such motions is reserved to the sound discretion of the trial court. *Wausau Benefits v. Progressive Ins. Co.*, 270 F. Supp.

2d 980 (S.D. Ohio 2003); *see also Watkins & Son Pet Supplies v. Iams Co.*, 107 F.Supp.2d 883 (S.D. Ohio 1999) (application of Rule 12(f) within discretion of the trial judge).

Material is said to be impertinent, for purposes of Rule 12(f), if it consists of statements that do not pertain, and are not necessary, to the issues in question. "[T]here is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter." Wright & Miller, Fed. Prac. & Proc. Civ. 3d §1382. Motions to strike on the grounds that the material is impertinent or immaterial will usually be denied unless the matter to be stricken has no possible relation to the controversy and may cause significant prejudice to one of the parties. *Id., quoting Pessin v. Keeneland Ass'n.*, 45 F.R.D. 10, 13 (E.D. Ky. 1968).

It appears to the Magistrate Judge that Defendant Emergency Coverage Corporation, Inc.'s Motion to Strike is well-taken and should be granted. The doctrine of joint and several liability has been abolished in Tennessee with limited exceptions. *See McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992) (adopting the doctrine of comparative negligence, and stating that "today's holding renders the doctrine of joint and several liability obsolete," because "[h]aving ... adopted a rule more closely linking liability and fault, it would be inconsistent to simultaneously retain a rule, joint and several liability, which may fortuitously impose a degree of liability that is out of all proportion to fault"). This ruling was recently reaffirmed and expounded upon by the Tennessee Supreme Court in *Banks v. Elks Club Pride of Tennessee 1102*, --- S.W.3d ----, 2010 WL 104617 (Tenn. Jan. 13, 2010) (medical malpractice case reaffirming earlier decisions holding that the doctrine of joint and several

liability does not apply to circumstances in which separate, independent negligent acts of more than one tortfeasor combine to cause a single indivisible injury). Here, Plaintiffs' Amended Complaint alleges that separate negligent acts of Defendants caused the death of their daughter. Consequently, the doctrine of joint and several liability is inapplicable to this case. This prayer for joint and several liability could cause significant prejudice to Defendants because it may fortuitously impose a degree of liability on a particular Defendant that is out of all proportion to fault. Accordingly, the Magistrate Judge is of the opinion that Plaintiffs' prayer for joint and several liability is immaterial and impertinent as discussed in Rule of Civil Procedure 12(f), and recommends that the Motion to Strike be granted.

Respectfully submitted on this 26th day of January, 2010.

**s/Edward G. Bryant**
EDWARD G. BRYANT
U.S. MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**