IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEREMY and ASHLEY OSTROM, individually
and as Natural Parents of BRENLEY JADE OSTROM,
deceased,

    Plaintiffs,

v.                                                                                          No. 08-1066

UNITED STATES OF AMERICA, et al.,

    Defendants.

_____

ORDER GRANTING MOTION OF DEFENDANT EMERGENCY COVERAGE CORP., INC.
FOR PARTIAL SUMMARY JUDGMENT AS TO INDIVIDUAL CLAIMS OF
PLAINTIFFS JEREMY AND ASHLEY OSTROM
_____

*INTRODUCTION*

On March 27, 2008, the instant lawsuit was removed to this Court from the Circuit Court of Hardin County, Tennessee. In an amended complaint filed September 15, 2009, the Plaintiffs, Jeremy and Ashley Ostrom, both individually and as natural parents of Brenley Jade Ostrom, deceased (sometimes referred to herein as "the Ostroms"), asserted a wrongful death claim under the Federal Tort Claims Act, 28 U.S.C. § 1346, arising out of medical care received by their daughter at Hardin County Medical Center in Savannah, Tennessee on January 14, 2007. (Am. Compl. ¶¶ 31-37.) The child died the following day. (Am. Compl. ¶ 43.) Before the Court is the motion of Defendant Emergency Coverage Corp., Inc. ("Emergency") for partial summary judgment as to the Plaintiffs' individual claims against it, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*STANDARD OF REVIEW*

Rule 56 states in pertinent part that a ". . . judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir. 1988). "The district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." American Civil Liberties Union of Ky. v. Grayson County, Ky., 591 F.3d 837, 843 (6th Cir. 2010), *reh'g denied,* 605 F.3d 426 (6th Cir. 2010) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc., 588 F.3d 908, 915 (6th Cir. 2009), *reh'g & reh'g en banc denied*, (Feb. 18, 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

*ASSERTIONS OF THE PARTIES AND ANALYSIS*

In their amended complaint, the Ostroms alleged, among other things, that, "as a direct and proximate result of the negligence of the Defendants, [they] have suffered a great deal of mental anguish and mental suffering as a result of the loss of their beloved daughter, Brenley Jade Ostrom, as well as services and consortium of their child . . ." (Am. Compl. ¶ 50.) Emergency argues that the parents' individual claims are not permitted under Tennessee law.

Wrongful death claims in Tennessee are governed by statute. Tennessee Code Annotated

Section 20-5-107 provides that a wrongful death action "may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin. . . ." Tenn. Code Ann. § 20-5-107(a).  In the case of a child, "the right of action is provided to the deceased's natural parents . . . if the deceased at the time of death was in the custody of parents . . ." Mangrum v. Owens, 917 S.W.2d 244, 245-46 (Tenn. Ct. App. 1995), *app. denied*, (Jan. 29, 1996).

Section 113 of the wrongful death statute states that the "party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received." Tenn. Code Ann. § 20-5-113.

In their response to the motion for summary judgment, the Plaintiffs rely on McGrath v. Mitchell, No. 89-10-II, 1989 WL 57732 (Tenn. Ct. App. 1989), *app. denied,* (Sept. 25, 1989) for the proposition that Tennessee law provides to parents a separate and distinct cause of action for medical expenses.[1]  Under McGrath,

> [a] responsible parent has a right of action for reimbursement for medical expenses incurred in the treatment of a minor child's injuries resulting from the negligence of a third party, and this cause of action is separate from the cause of action for the injuries to the child. [Tenn. Code Ann.] § 20-1-105, Dudley v. Phillips, [405 S.W.2d 468] (1966).  This is true even though the child has already recovered in a separate suit for his own injuries.  Forsyth v. Central Mfg. Co., [53 S.W. 731] (1899).
>
> The right of action of a person who dies from injuries from a wrongful act passes to his surviving spouse, or to his children or next of kin, or to his natural parent or

---

[1]In their response, the Plaintiffs present argument only as to their individual medical expense claims.  Therefore, the Court assumes that, to the extent they have alleged individual claims other than for medical expenses, those claims have been abandoned.

3

> parents if deceased was in the custody of such parent or parents at the time of death. [Tenn. Code Ann.] § 20-5-106. Under the facts of this case, the right of action for wrongful death passed to plaintiff.
>
> It therefore appears that this suit is actually two suits brought by the same person, which is permissible.

McGrath, 1989 WL 57732, at *3.[2]

However, in Jordan v. Baptist Three Rivers Hospital, 984 S.W.2d 593 (Tenn. 1999), the Tennessee Supreme Court articulated that "[d]amages under our wrongful death statute can be delineated into two distinct classifications. The first classification permits recovery for injuries sustained by the deceased from the time of injury to the time of death. Damages under the first classification include *medical expenses*, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning capacity." Jordan, 984 S.W.2d at 600 (internal citations omitted) (emphasis added); *see also* Taylor v. Lakeside Behavioral Health Sys., No. W2009-00914-COA-R3-CV, 2010 WL 891879, at *9 (Tenn. Ct. App. Mar. 15, 2010) (same).[3] A wrongful death action has been held to be "single, entire, and indivisible." Kline v. Eyrich, 69 S.W.3d 197, 207 (Tenn. 2002) (citation omitted). That is, "there can be but one cause of action for the wrongful death of another." Id. (quoting Matthews v. Mitchell, 705 S.W.2d 657, 660 (Tenn. Ct. App. 1985)); *see also* Alexander v. Beale Street Blues Co., Inc., 108 F. Supp. 2d 934, 951-52 (W.D. Tenn. 1999) (the Tennessee

---

[2]The only case to cite to this portion of McGrath was a personal injury matter, noting that "when a child is injured by a tortfeasor, the parents have a derivative cause of action for the loss of services and medical expenses resulting from the injury, which is separate and distinct from the cause of action for the injuries to the child." *See* McBride v. Shutt, No. 00-1302, 2002 WL 1477211, at *4 (W.D. Tenn. July 2, 2002).

[3]The second category -- incidental damages -- arises from damages suffered by the decedent's next of kin and includes the pecuniary value of the decedent's life. Jordan, 984 S.W.2d at 600; Taylor, 2010 WL 891879, at *9. The medical expenses sought by the Ostroms and at issue in the instant motion do not implicate this category.

wrongful death statute gives "rise to a single cause of action placed in the representative of the decedent"); Hunter v. Ura, 163 S.W.3d 686, 695 (Tenn. 2005), *reh'g denied,* (Apr. 27, 2005) ("a wrongful death action is a single cause of action"); McCracken v. City of Millington, No. 02A01-9707-CV-00165, 1999 WL 142391, at *15 (Tenn. Ct. App. Mar. 17, 1999) (rejecting the notion that the statute "creates a new cause of action in favor of the injured party's survivors for their loss resulting from the injured party's death").

## *CONCLUSION*

Based on the Court's review of the statutes and case law, the motion is GRANTED and any individual claims, including those individually asserted by the Ostroms for medical expenses, are DISMISSED.

IT IS SO ORDERED this 24th day of June 2010.

             s/ J. DANIEL BREEN
             UNITED STATES DISTRICT JUDGE